UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEITH E. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:14cv390 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income and Disability Insurance Benefits, 42 U.S.C. § 401 *et seq*. Section 205(g) of the Act provides, *inter alia*, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. Gotshaw v. Ribicoff, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); Garcia v. Califano, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. See Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir. 1984) citing Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rhoderick v. Heckler, 737 F.2d 714, 715 (7th Cir. 1984) quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); see Allen v. Weinberger, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." Garfield, supra at 607; see also Schnoll v. Harris, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

2

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

2. The claimant likely engaged in substantial gainful activity until February 16, 2012 (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971.).

3. There has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the period the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: osteoarthritis; peripheral neuropathy; hypertension; anxiety; major depressive disorder, and, presumed mild cognitive disorder (20 CFR 404.1520(c) and 416.920(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 404.920(d), 416.925 and 416.926).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 20 pounds occasionally and ten pounds frequently; walking while carrying less than ten pounds occasionally (using a cane for support in the other hand); stand/walk about two hours in an eight-hour workday, and sit about six hours in an eight-hour workday; requires a job where duties can be performed primarily seated, but the claimant can stand in five to ten minute intervals without a cane; no climbing of ladders, ropes or scaffolds, and no kneeling, crouching, or crawling; occasionally climb ramps and stairs, balance, and stoop; occasional overhead reaching, but frequent reaching otherwise; must avoid exposure to workplace hazards such as unprotected heights, dangerous moving machinery, and slippery/uneven surfaces; can concentrate long enough to complete simple tasks in a timely manner; can sustain a flexible pace; can tolerate predictable changes in the work environment; can make simple work-related decisions; and, can tolerate occasional and or superficial interaction with supervisors, coworkers, and the public.

7. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. The claimant was born on June 9, 1964, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in

English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFr Part 404, Subpart P, Appendix 2).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

12. The claimant has not been under a disability, as defined in the Social Security Act, from November 11, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 18-29).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on August 3, 2015. On November 10, 2015, the defendant filed a memorandum in support of the Commissioner's decision, and on November 22, 2015, Plaintiff filed his reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. See Singleton v. Bowen, 841 F.2d 710, 711 (7th Cir. 1988); Bowen v. Yuckert, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific

> impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

Nelson v. Bowen, 855 F.2d 503, 504 n.2 (7th Cir. 1988); Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord Halvorsen v. Heckler, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff filed an application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) alleging disability since November 11, 2011. The claim was denied initially and upon reconsideration. On May 6, 2013, ALJ Jennifer Fisher convened a hearing, and on July 23, 2013, ALJ Fisher issued a decision finding that Plaintiff was not disabled. On October 20, 2014, the Appeals Council affirmed ALJ Fisher's finding that Plaintiff was not disabled .

Plaintiff was 47 years old as of the alleged onset date. Plaintiff has at least a high school education. In the 15 year look back period, Plaintiff worked as a farm worker (heavy, SVP-2) and as a maintenance worker (medium, SVP-3). Plaintiff had a consistent work history, having worked in every year from 1990 through 2011.

The ALJ found that Plaintiff suffered from the following severe impairments: osteoarthritis, peripheral neuropathy, hypertension, anxiety, major depressive disorder, and presumed mild cognitive disorder. The ALJ found the following impairments non-severe: chronic obstructive pulmonary disease, allergies, and cardiac problems.

With respect to Plaintiff's right wrist problems, his treating orthopaedic specialist issued limitations of one to two pounds with a thumb spica splint and then later modified the

limitations to zero to five pounds with a thumb spica splint. Plaintiff's treating neurologist identified hypo-reflexia, and then opined that an abnormal EMG of the lower extremities was suggestive of peripheral neuropathy. The treating neurologist also noted that Plaintiff used a cane for safety.

Plaintiff's neuropsychologist identified deficits in bilateral finger tapping, deficits in bilateral grip strength, deficits in attention to detail, deficits in sustained and divided attention, and difficulties in recognizing errors in performance. Plaintiff's neuropsychologist concluded that Plaintiff suffered from chronic anxiety with panic attacks that negatively impacted mental efficiency and memory efficiency. The consultative psychologist, Kay Roy, Ph.D., identified recurrent and moderate major depressive disorder, generalized anxiety disorder, and several substance abuse disorders in full sustained remission. Vocationally, she concluded that Plaintiff's ability to understand, remember, and carry out simple instructions in a sustained manner is moderately impaired due to challenges with his depression and anxiety. She also concluded that his ability to interact in a reasonably effective and stable manner with the public, co-workers, and the public is mildly impaired. Dr. Roy opined that Plaintiff "is reliant on his family and children to perform some of daily living activities due to his medical concerns."

In support of remand, Plaintif first argues that the ALJ erred in failing to enumerate the frequency of position changes between sitting and standing, in Plaintiff's RFC assessment. Plaintiff contends that the limitation must clearly indicate that the worker has control over when to initiate a position change. Plaintiff relies on *Arnett v. Astrue*, 676 F.3d 586 (7th Cir. 2012), in which the Seventh Circuit explained that when an RFC provides that an individual must be able to alternate between sitting and standing throughout the workday, the RFC must also specify the

frequency of position change. This criteria is set forth in SSR 96-9p, which discusses the implications of an RFC for less than a full range of sedentary work. If a person is able to remain in a seated position for approximately 6 hours of an 8-hour workday, then the person is considered capable of performing a full range of sedentary work. If the person is unable to sit for a total of 6 hours in a workday, then the ALJ is to consider whether the individual can still work if they are permitted to alternate sitting and standing. In this situation, "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." In the present case, Plaintiff's RFC provides that he can sit approximately 6 hours in a workday. Thus, SSR 96-9p does not come into play, as Plaintiff's RFC permits a full range of sedentary work.

Plaintiff next argues that the ALJ erred in not including in the RFC a more restrictive limitation regarding understanding, remembering and carrying out simple instructions and work-like procedures. The record is clear that, due to Plaintiff's depression, anxiety and panic attacks, his ability to understand, remember and carry out simple instructions is moderately impaired. However, as the Commissioner notes, such a moderate impairment does not constitute a vocationally-relevant functional limitation. Moreover, medical expert Kenneth Neville, Ph.D., after considering the entire record, concluded that Plaintiff's mental functioning did not appear to severely affect his overall functioning. Dr. Neville concluded that Plaintiff did not have a severe mental impairment. Notably, there is no evidence in the record which contradicts Dr. Neville's opinion.

Lastly, Plaintiff contends that the ALJ erred in not giving his treating orthopaedic physician's opinion controlling weight. Dr. Barry W. Liechty was Plaintiff's treating orthopaedic specialist and he limited the Plaintiff to lifting up to five pounds, slowly increasing as

7

comfortable. Plaintiff argues that the RFC should have tracked Dr. Liechty's limitations and should not have exceeded five pounds.

A treating source's opinion as to the nature and severity of a claimant's impairments is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). *See also Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (medical opinions must be based on objective evidence, not subjective allegations); *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) ("if the treating physician's opinion is inconsistent with the consulting physician's opinion, internally inconsistent, or based solely on the patient's subjective complaints, the ALJ may discount it."). When an ALJ finds that a treating physician's opinion is not entitled to controlling weight, the court will "allow that decision to stand so long as the ALJ `minimally articulate[d]' his reasons-a very deferential standard that [the court has], in fact, deemed `lax.'" *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citing *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)).

Plaintiff does not specify what restrictions of Dr. Leichty the ALJ should have adopted. In February 2012, the doctor did state that Plaintiff could return to work "with restrictions" as of February 12, 2012, due to a right wrist contusion (Tr. 247), but he did not identify those restrictions, other than stating that Plaintiff should "limit lifting 0 to 5 pounds, and slowly increasing as comfortable" due to an injury that occurred in January 2012, two months after his alleged disability onset date (Tr. 247). More importantly, Dr. Leichty did not identify any timeframe for the limitations he had identified, and, as the ALJ pointed out, by July 2012 (five months after Dr. Leichty's report), Plaintiff had full grip strength and no gross motor focal

deficits, with no muscle weakness in his upper extremities (Tr. 294, 296).

While an ALJ obviously may not make medical determinations, the determination of a claimant's RFC at the hearing level is the responsibility of the ALJ alone. 20 C.F.R. § 404.1546(c). Although an ALJ "may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment." SSR 96-5p. Furthermore, in evaluating RFC, an ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). In the present case, the ALJ considered, and discussed in detail, the record as a whole, and she properly determined that Plaintiff could perform a highly-limited range of light work. The ALJ's RFC finding is supported by substantial evidence and will be upheld.

The ALJ found that Plaintiff could not perform any of his past relevant work but could perform a significant number of jobs in the national economy and was therefore not disabled (Tr. 27-29). This finding was based on the testimony of the vocational expert, who identified approximately 30,000 positions in the state of Indiana and 380,000 in the nation that could be performed by an individual who had the same functional limitations as Plaintiff (Tr. 65). The ALJ therefore properly concluded that, because Plaintiff could perform a significant number of jobs, he was not disabled under the terms of the Act and thus not entitled to DIB or SSI. *See* 20 C.F.R. § 404.1520(a)(4)(v). *See also Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (vocational expert's testimony satisfies Commissioner's burden to produce evidence of a significant number of jobs).

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: December 16, 2015.

                                                          s/ William C. Lee
                                                          William C. Lee, Judge
                                                          United States District Court